**COTI & SUGRUE**
**Stephen R. Sugrue ss-0614**
**59 Grove Street Suite 1F**
**New Canaan, CT 06840**
**203-966-5817 (Tel)**
**203-966-6385 (Fax)**
**ssugrue@sbcglobal.net**
**Attorneys for Plaintiff**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X

CENTURY JETS, L.L.C.,

        Plaintiff

-against-

FOREST CITY ENTERPRISES, INC.,

        Defendant.
-------------------------------------------------X

CV 07 2402 (BMC:rml)

**FIRST AMENDED COMPLAINT**

      Plaintiff, Century Jets, L.L.C, for its First Amended Complaint herein, alleges as follows:

Parties

      1.    Plaintiff, Century Jets, L.L.C. ("Century") is a limited liability company organized under the laws of the State of Delaware, having its principal place of business at 3028 Travis Pond Road, Williamsburg, VA 23185.

      2.    Defendant Forest City Enterprises, Inc. ("Defendant") is a corporation organized under the laws of the State of Ohio, having its principal place of business at 50 Public Square, Suite 1108, Cleveland, OH 44113.

1

## Jurisdiction and Venue

3. The Court has jurisdiction over the person of Defendant, *inter alia*, by reason of Defendant's ownership of real property in the State of New York and its qualification under the laws of the State of New York to do business there.

4. The Court has jurisdiction over the subject matter of this controversy under 28 U.S.C. Section 1332 by reason of the fact that the parties are citizens of different States and the matter in controversy, exclusive of interest and costs, exceeds $75,000.

5. Venue of this action properly lies in this District by reason of 28 U.S.C. Section 1391 (a) (3) and (c).

## Statement of the Claims

6. On or about October 1, 2006, the parties entered into a Block Hour Charter Agreement ("the Agreement"), a copy of which is annexed as Exhibit A.

7. The terms of the Agreement are incorporated herein by reference.

8. Pursuant to the Agreement, Defendant as "Charterer" had certain non-exclusive rights to the use of a Beechjet 400A aircraft and/or "comparable aircraft" as defined in the Agreement, which aircraft were to be

chartered to "Charterer" by Century as "Charter Operator", all on the terms and conditions set forth fully in the Agreement.

      9.      Paragraph 2 of the Agreement provides:

The Term of this Agreement shall commence on the date set forth above [1st day of October, 2006] and shall continue for a period of one (1) year, or Charterer's consumption of all Allocated Hours [block of 300 hours of Aircraft flight time], whichever shall first occur, AND THEREAFTER for four (4) successive, additional one (1) year terms (each a "Renewal Term") for an additional 300 hours per Renewal Term under these same terms and conditions, however, the Contract Rate under 3(a) will be adjusted by the Consumer Price Index (CPI-US City Average for All Items, 84=100) for each Renewal Term.

      10.      Pursuant to Paragraph 4 of the Agreement, upon execution of the Agreement, Defendant was obligated to deposit $265,000 into an escrow account identified in the Agreement to be used to pay Century the sums to become due under the Agreement, and was further required to make additional deposits of $265,000 each on the fourth and eight month "anniversaries" following the execution date.  Further, payments during any Renewal Term were required to be made in the same manner as for the first contract year.

      11.      Pursuant to Paragraph 11 of the Agreement, in the event there are any unused Allocated Hours remaining in the Charterer's account at the end of the term or any Renewal Term, Charterer shall be given an automatic 30 day extension period within which to use the Allocated Hours.  Thereafter, any remaining unused Allocated Hours, and monies deposited in escrow to pay for

such hours, are forfeited unless the Agreement is renewed, whereupon the unused hours are transferred to the Renewal Term.

12. Prior to the parties' entry into the Agreement, the parties had entered into another Block Hour contract (the Prior Contract"), and upon the termination of the Prior Contract, Defendant had unused allocated hours for which, pursuant to the terms of the Prior Contract, Defendant was obligated to pay Plaintiff.

13. As part of the negotiations, inducement and consideration leading to the Agreement, Defendant requested, and Century agreed, that Defendant be permitted to defer the initiation or commencement date of the Agreement to allow Defendant to utilize the then unused hours allocated under the Prior Contract.

14. More particularly, by reason of the parties' agreement as to the utilization of such hours under the Prior Contract, the parties agreed that the Agreement would be deemed to take effect on November 30, 2006, not October 1, 2006.

15. By reason of the foregoing, there were and are due and owing by Defendant, escrow deposits, each in the amount of $265,000, on each of the following dates:

>November 30, 2006
>April 1, 2007
>August 1, 2007
>November 30, 2007

        April 1, 2008
        August 1, 2008
        November 30, 2008
        April 1, 2009
        August 1, 2009
        November 30, 2009
        April 1, 2010
        August 1, 2010
        November 30, 2010
        April 1, 2011
        August 1, 2011

16. Defendant made the initial escrow deposit, in the amount of $265,000, required to be made on November 30, 2006.

17. Century has complied with all of its performance obligations under the Agreement.

18. Century demanded payment by Defendant of the escrow deposit required to be made on April 1, 2007.

19. Defendant failed and refused to make the escrow payment required to be made on April 1, 2007, and on or about April 4, 2007, Corporate Counsel for Defendant wrote a letter to Century's principal, stating in relevant part:

> On March 2, 2007, you received notice from my client, FCE, that Century is in default of the Agreement. Pursuant to Section 14 of the Agreement, Century was given thirty (30) days to cure such default. The thirty (30) day period has expired, and FCE hereby gives Century notice that it is terminating the Agreement effective immediately.

20. In fact: a) Century was not in default of the Agreement on or before March 2, 2007 or thereafter; b) Century did not receive any notice of a

5

claimed default, either on March 2, 2007 or at any other time; and c) Defendant, after April 4, 2007, has failed and refused to specify the alleged basis of its claim of default, despite demands that it do so.

21     There remains in the escrow account as of this date the sum of $57,794.98, which sum is, pursuant to the terms of the Agreement, presently owed by Defendant to Century, in addition to other sums presently owed by Defendant to Century.

## **COUNT I**

21.    Plaintiff repeats and realleges each of the foregoing allegations with the same force and effect as if fully set forth herein.

22.    By reason of the foregoing, Defendant is in breach of the Agreement.

## **COUNT II**

21.    Plaintiff repeats and realleges each of the foregoing allegations with the same force and effect as if fully set forth herein.

22.    By reason of the foregoing, there exists an actual case and controversy as to which of the parties is in default of the Agreement.

WHEREFORE, Plaintiff Century Jets, L.L.C. respectfully demands:

a) As to Count I, a money judgment against Defendant for a sum of money determined by the Court as of the time of trial to be due, but which includes:

i) the full amount of any unpaid escrow deposits past due, which sum currently equals $265,000;

ii) the sum of $57,794.98, that being the current balance of the escrow account;

iii) the present value, as of the time of trial, of all future escrow deposits required to be made pursuant to the Agreement.

iv) all interest, costs, disbursements and attorneys' fees as allowed by law; and

v) such other and further relief as to the Court may seem just and proper.

b) As to Count II, a declaratory judgment, declaring:

i) that Century is not in default of the Agreement; and

ii) that Defendant is in default of the Agreement

**Dated:  June 12, 2007**                                                  **COTI & SUGRUE**


**By\_\_\_\_\_s/_____**
   **Stephen R. Sugrue ss-0614**
**59 Grove Streeet Suite 1F**
**New Canaan, CT 06840**
**203-966-5817 (Tel)**
**203-966-6385 (Fax)**
**ssugrue@sbcglobal.net**
**Attorneys for Plaintiff**